The court does not believe that you need an entire 15 minutes on this issue. We'll give you five minutes to present your case. We'll give the other side five minutes and that will be it. Thank you Judge. I did reserve the majority of my time for rebuttal because as you can tell my appeal is a very brief simple matter. We just wanted to preserve our right to get the costs award reversed. I don't recall in the years I've been here that I've seen a conditional appeal and I specifically don't recall seeing one with respect to costs. Is it your view that if somehow we were to reverse the underlying judgment that in the absence of you having explicitly just appealed costs, you'd still be liable for the costs? And if so, I mean, I don't know. You're in the Eighth Circuit, right? I mean, I don't know. I haven't looked at the Eighth Circuit rules about what they say about that, if anything. Well, as best I could tell you, Your Honor, I mean, a cost award is like a judgment and if we don't appeal it within the time to appeal, it becomes final and not reversible. And so, that's why we did this. The main appeal had already started by the time the cost award came out so we couldn't include it as a point in the main appeal because that was already underway. And so, that's why we filed it just to so that we can't be said to later to have waived that position. And that's the only reason we did that. The cross appeal raises other issues, of course, but that's not why we did this. But my understanding is that the judgment would become final and I don't think it would, it wouldn't be possible to reverse it. Now, possibly, we could make a pitch to, if the case is reversed or it goes back to the trial court, maybe we can make a pitch to the trial judge to, you know, reverse it or send the cost back the other direction or something like that. But we wanted to avoid, we wanted to make sure that we didn't have a problem with that. That's all we were doing. And as I said, that's our appeal. I'll just reverse my, reserve my time for rebuttal. Thank you. Two issues on the second appeal in this case. One is the issue of the denial of attorney's fees and the second is costs. I'll address them both briefly. With respect to attorney's fees, our contention is that the suit was frivolous. There's a number of reasons that are stated in the briefing. Worldwide was put on notice January 3rd, 2007, that your claims are either not infringed or invalid. The invalidity issues are frivolous? I believe so, your honor, yes. I mean, in all fairness, we have prior art from 1896. We have an anticipatory reference that was being manufactured by Worldwide that was found to anticipate. Where do you argue in your brief that the invalidity issues are frivolous? In our brief, your honor, that's a substantial portion of our brief. Paid one in the introduction. Worldwide presents the second bullet point. Worldwide presented no evidence to rebut U.S. Ring's invalidity case. No, no, I'm talking about the costs. I'm sorry. The costs brief. Where do you argue in the costs brief that the invalidity arguments are frivolous? That's what I'm referring to, your honor. Where is that? I apologize. Page one of the brief under the introduction. This is the brief on our attorney's fees and costs, those two issues. That's the sum and substance of it, that one sentence? No, I was just getting started, your honor. It's throughout the entire brief, your honor, throughout the entire section. If you look at page two, second bullet point, the jury found all claims in suit invalid as anticipated, all claims in suit invalid as obvious. Then if we go through it. Well, there's a presumption of validity under our law. So how can it be frivolous to defend that presumption? Well, your honor, just so I frame it properly, we're not contending that necessarily one component of this case was frivolous or not. We're contending that as a whole, when you look at all of the evidence in this case, there were frivolous arguments that were pursued by Worldwide improperly. That was hindsight, your honor. Well, your honor, they were put on notice a year before filing that this was going to happen. Mr. McDonough sent him a letter, apprised him of the issues, sent them the prior art that was eventually used to invalidate the patent. With respect to infringement, the claims were never even presented to the jury during their case in chief. I've never heard of a patent case where the jury never saw the claims of the patent and then the plaintiff arrested their case. That was this case. A willfulness claim is pursued when the patents filed the same day it issued. There was absolutely no pre-filing conduct that could in any way form the basis for a willfulness finding. And yet it was pursued to the hilt throughout the case. And so those are the highlights. The brief goes into more detail, but those are the highlights with respect to the attorney's fees issue as well. Let me ask you a different kind of a question. You have a cross appeal under the main appeal that deals with inequitable conduct. I didn't see that you made the argument here, maybe it's there, that if somehow the inequitable conduct stuff went the other way, then that would be a basis for reopening, revisiting the attorney's fees. Did you argue that? We did argue it, your honor, not in detail. We argued obviously the inequitable conduct issue in detail in our cross appeal. No, but in the appeal on the attorney's fees? Yes, your honor. For example, we incorporated the arguments and evidence into this brief from that appeal so that it would be here as well. And we also, you know, it's obviously a basis for finding the case to be exceptional. That can be an independent basis aside from it being a frivolous case. And so it was set forth in here as a separate basis for that. I'm just going to switch gears very quickly to the cost issue. Essentially, the cost issue, we submitted evidence, a circuit law would control this issue. We submitted substantial evidence, voluminous evidence of here were our costs. There's two issues, transcripts and copying costs essentially. Transcripts, the law is well settled. If they were necessary for the trial, then you get your costs. They were necessary for this trial. We tried this case, we referenced it. The law is well settled within the discretion of the district court to allow these or not to allow them. It is within the discretion of the court, your honor. However, in complex cases such as this, their costs are routinely allowed for transcripts. With respect to exemplification, we met the standards that are set forth by the 8th Circuit, which is itemize them and tell us that they were necessary. We have declarations from myself. You're saying there's no room for discretion on the part of the district court in these circumstances? There is room for discretion. In this case, though, the standard was met and I to not award them was an abuse of that discretion. Unless the court has any additional questions. Thank you. Case is submitted. All rise.